UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LETECIA D. BROWN, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 1:06-cv-1802- RLY-TAB |
| ) | |
| AUTOMATIVE COMPONENTS HOLDINGS, ) | |
| LLC., VISTEON CORPORATION, & FORD ) | |
| MOTOR COMPANY, ) | |
|     Defendants. ) | |

## ORDER ON MOTION TO COMPEL PLAINTIFF'S MEDICAL RECORDS

The discovery dispute pending before the Court in this FMLA case involves the extent to which Defendants are entitled to Plaintiff's medical records. Plaintiff's lawsuit alleges, among other claims, that Defendants violated the Family Medical Leave Act by terminating her. As part of discovery, Defendants requested Plaintiff execute a medical authorization form for all of her medical records. Plaintiff objected and did not sign the form.[1] Defendants' motion to compel [Docket No. 59] followed.[2]

---

[1] Defendants argue in a footnote that Plaintiff did not timely object and thus Plaintiff has waived her objection. However, the record indicates that Defendants failed to attach the form to the interrogatories, so upon receiving Plaintiff's response "no form was attached," later mailed the form to Plaintiff. [*See* Docket No. 60, Ex. A at ¶¶ 17-18, Ex. B at ¶¶ 17-18, Ex. C.] Plaintiff then objected by letter to the scope of Defendants' request as set forth in the form, and she did so within 30 days. [*See* Docket No. 60, Ex. D, Ex. E.] Thus, Plaintiff has not waived her objection.

[2] On December 20, 2007, Defendants filed a motion to compel Plaintiff to produce medical and employment records. On January 31, 2008, the Court held a telephonic status conference, after which it issued an order granting Defendants' motion to compel pertaining to medical records from Plaintiff's mental health providers. [Docket No. 65.] The Court also held that Defendants are entitled to Plaintiff's employment records, but as to Plaintiff's current employer, Defendants must obtain those records from Plaintiff and not directly from the employer. [*Id.*] The Court now addresses the issue of whether the rest of Plaintiff's medical records should be compelled, which the Court did not previously address in order to allow Defendants to file their reply brief. [Docket Nos. 65, 66.]

Defendants argue that they are entitled to Plaintiff's medical records because they are relevant to whether Plaintiff was on or entitled to FMLA leave at the time of her termination. [Docket No. 60 at 3.] They contend that "the issues presented in this case include (1) whether Plaintiff suffered from a 'serious health condition' so as to qualify for FMLA leave, and if she did, (2) whether Plaintiff gave sufficient and timely notice to Defendants of her need for FMLA qualifying leave." [Docket No. 66 at 1.]

Plaintiff responds that merely filing an FMLA suit does not open up her entire medical records for review by Defendants. Plaintiff relies upon 29 C.F.R. § 825.307(a), which essentially states that if an employer wants more information after being given a medical certification, it cannot contact the employee's health care provider, but rather it must—with the employee's permission—have the health care provider representing it call the employee's health care provider. Plaintiff further emphasizes that she was terminated for missing work after she informed Defendants of her need for medical leave but before she was given the fifteen days required by 29 C.F.R. § 825.308(c)(1) to provide the FMLA certification. Thus, she argues, the issue is not what her medical records contain, but what information the employer had during the time the Plaintiff was required to provide Defendants FMLA medical certification. Plaintiff also argues that Defendants' request for all of Plaintiff's medical records is far too broad for this particular FMLA claim.

Plaintiff's amended complaint states, "The reason claimed for termination of [Plaintiff's] employment . . . constitutes interference with [Plaintiff's] rights under the Family Medical Leave Act. [Docket No. 36 at ¶ 27.] Thus, Plaintiff is asserting an interference/entitlement theory under the FMLA. To prevail on such a theory, Plaintiff is not required to prove discriminatory

2

or retaliatory intent, but Plaintiff must prove that she was entitled to FMLA leave.  *Kauffman v. Federal Express Corp.*, 426 F.3d 880, 884 (7th Cir. 2005).

In determining whether the plaintiff was entitled to leave in the *Kauffman* case, the Seventh Circuit looked at whether the Plaintiff  "turned his paperwork in on time and whether that paperwork was sufficient to certify a serious health condition qualifying for FMLA leave." *Kauffman*, 426 F.3d at 885.  The Seventh Circuit determined that defendant FedEx should not have been granted summary judgment simply by arguing that the FMLA form submitted by Kauffman was incomplete; FedEx was required to allow the plaintiff sufficient time to cure any deficiencies in the form submitted, and the facts indicated Kauffman was able to do so.

*Kauffman* is similar to the case at bar in that the employer allegedly did not give the employee enough time to provide the employer with notice in the appropriate format.  But unlike *Kauffman*, the issue at hand is not about summary judgment, but rather discovery; specifically, whether a medical certification offered by a doctor alone establishes a "serious health condition" for purposes of Plaintiff's claim.

In *Darst v. Chalimoniuk*, 512 F.3d 903, 904 (7th Cir. 2008), the Seventh Circuit determined that an employer did not violate the FMLA by firing the employee because the employee failed to establish that he was entitled to FMLA leave for three of the days he took off pertaining his problem with alcoholism.  These three days, which preceded the actual treatment for alcoholism, put him over his allotted absenteeism before termination under the defendant's policy.  Because time missed due to of alcoholism—as opposed to treatment for alcoholism—is not a permitted reason for FMLA leave, the employer did not violate the FMLA by terminating the employee for this time of absence, even though the employer did not question these three

3

days when the request was initially submitted by the employee. *Id.* at 906-07. Regardless of the fact that the employer did not immediately question the three days prior to treatment that the employee was absent, the Seventh Circuit found that the employer's inquiry of these three days was relevant and that the conclusion of the inquiry was sufficient to establish a defense entitling the employer to summary judgment. Thus, an employer can question an employee's claim of entitlement as a defense during litigation even if the employer did not do so at the time the request for leave was made. Accordingly, Defendants can probe whether Plaintiff's condition would qualify under the FMLA, and at least some of Plaintiff's medical records are relevant to this determination.

However, in addition to arguing that these records are not the relevant inquiry, Plaintiff argues that Defendants' request is over broad. The medical authorization form Defendants asked Plaintiff to sign is for access to all of Plaintiff's medical records. Defendants also asked for and received the names and addresses of Plaintiff's doctors from January 1, 1999, to present. [Docket No. 60, Ex. F, ¶ 13.] Thus, if Plaintiff did fill out the requested authorization form, Defendants would be able to access Plaintiff's medical records back to 1999. Plaintiff argues that "the focus in this lawsuit is the medical leave—or the extension of the medical leave—that commenced beginning in August 2006." [Docket No. 64 at 4 n.1.] Thus, she argues that the only potentially relevant medical records are for that time period and that medical records related to Defendants' prior approvals of leave time—including for an intermittent leave time from January 26, 2006, through December 31, 2006—should not be discoverable. [*Id.*] Defendants, on the other hand, more broadly "seek records from those physicians/medical providers identified by Plaintiff and/or contained in the FMLA certifications from whom she sought

treatment related to her intermittent and current FMLA conditions." [Docket No. 60 at 5-6.] Without further information regarding what, if any, FMLA intermittent leaves Plaintiff has previously taken, this request may or may not be limited to FMLA leaves taken by Plaintiff in 2006. Plaintiff, therefore, suggests the relevant inquiry should limit discovery of medical records to the August–September 2006 time period, whereas Defendants suggest something more than that.

A party is allowed to conduct discovery on "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Federal Rule of Civil Procedure 26(b)(1). Relevancy is construed broadly and includes information that may not be admissible "provided that 'discovery appears reasonably calculated to lead to discovery of admissible evidence.'" *Mfg. Direct, LLC v. DirectBuy, Inc.*, No. 2:05-cv-451, 2007 WL 496382, *2 (N.D. Ind. Feb.12, 2007) (quoting *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The party opposing discovery has the burden of showing, with specificity, that the discovery is overly broad, unduly burdensome, or irrelevant. *Graham v. Casey's Gen. Stores, Inc.*, 206 F.R.D. 251, 254 (S.D. Ind. 2002).

Plaintiff's amended complaint indicates that Plaintiff took "an approved medical leave of absence" from August to October of 2005, but nothing suggests that this leave was related or could even produce information relevant to the leave at issue in this case. [Docket No. 36 at ¶ 16.] On the other hand, the facts alleged in her amended complaint suggest that the intermittent leave for which she was approved from January 26, 2006, to December 31, 2006, could be

related to the leave she took in August of 2006. [*Id*. at ¶¶ 20-21.] [3]  Plaintiff has failed to demonstrate otherwise, and therefore Defendants are entitled to the medical records establishing intermittent leave from January 26, 2006 to December 31, 2006, as well as the records purportedly establishing leave from August to September of 2006.  If upon reviewing these records, Defendants find something leading them to believe that prior records are relevant or might lead to other relevant discovery, Defendants may seek to broaden the scope of this order.  But for now, only these 2006 medical records (in addition to those records already ordered produced) appear to have any relevance to the case for discovery purposes.  Accordingly, Defendants' motion to compel [Docket No. 59] is granted in part.  Within 10 days of the date of this order, Plaintiff shall sign authorization forms for the medical records involving her FMLA intermittent leave for 2006 and for the medical records involving her FMLA leave for August–September 2006.

Dated: 03/18/2008

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[3] Paragraphs 20-21 of Plaintiff's amended complaint state:
   20. Brown has a chronic serious health condition and she was approved for Family Medical Leave on an intermittent basis for the period January 26, 2006 through December 31, 2006.
   21. In early August 2006, Brown's physician placed her off work during the period between August 8th and August 29th due to her serious health condition. Defendants were notified of the need for this FMLA qualifying leave and such leave period was approved.

Copies to:

A. Richard Blaiklock
LEWIS & WAGNER
rblaiklock@lewiswagner.com

Stephanie Lynn Cassman
LEWIS & WAGNER
scassman@lewiswagner.com

Carmen N. Couden
FOLEY & LARDNER LLP
ccouden@foley.com

David J. B. Froiland
FOLEY & LARDNER LLP
dfroiland@foley.com

Denise K. LaRue
HASKIN LAUTER & LARUE
dlarue@hlllaw.com

Ericka McCaskill
BERKOWITZ OLIVER WILLIAMS SHAW & EISENBRANDT LLP
emccaskill@bowse-law.com

Timothy S. Millman
BERKOWITZ OLIVER WILLIAMS SHAW & EISENBRANDT LLP
tmillman@bowse-law.com

Hannesson Ignatius Murphy
BARNES & THORNBURG LLP
hmurphy@btlaw.com

Bradley L. Wilson
HASKIN LAUTER & LARUE
bwilson@hlllaw.com