UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LETECIA D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1802- RLY-TAB |
| | ) | |
| AUTOMOTIVE COMPONENTS HOLDINGS, | ) | |
| LLC., FORD MOTOR CO., and VISTEON | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON
JOINT MOTION FOR PROTECTIVE ORDER AND RELATED MATTERS**

Motions to approve overbroad and otherwise improper protective orders seeking to shield purportedly confidential information from the public record continue to vex this and other courts.[1] This case is the latest example.

On March 18, 2008, the parties filed a joint motion for entry of stipulated protective order. [Docket No. 69.] A cursory review of the proposed protective order quickly reveals that this proposed order runs afoul of *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999), and related cases. These shortcomings, discussed below, are troublesome in light of an order previously entered in this case (and routinely entered by the undersigned in all cases) stating in relevant part, "If the parties anticipate seeking a protective order to protect the confidentiality of trade secrets or other confidential information,

---

[1] *See Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, No. 1:96-cv-1718-DFH-TAB (S.D. Ind. Jan. 16, 2007) (denying defendants' motion to seal and citing district court and Seventh Circuit cases that have "repeatedly emphasized" the limitations on sealed filings). *Id*. at 3.

they shall carefully review the Seventh Circuit's decisions in *Baxter International v. Abbott Laboratories*, 297 F.3d 544 (7th Cir. 2002), *Union Oil Co. of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000), *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999), and related cases." [Docket No. 21 at. 2.]

Despite this advisory, counsel submitted a joint motion for approval of the aforementioned protective order. In the proposed order, the parties agreed that certain documents and information produced or disclosed during this litigation should be treated as "confidential" and as a result could be filed under seal. The proposed protective order provided:

> Such information subject to confidential treatment includes documents, interrogatory answers and deposition testimony relating to certain subject matters, including proprietary and confidential information concerning any party; Defendants' manuals, policies or procedures not generally provided to the public; personnel information concerning Plaintiff or any other current or former employee of Defendants; or other sensitive subject matters, including Plaintiff's medical information.

[Docket No. 69, Attach. 1 at ¶ 1.]

Under this description, counsel could file under seal any discovery that merely related to purportedly confidential subjects. Moreover, the description of confidential information includes "other sensitive subject matters," though the protective order makes no effort to define what might be encompassed by this sweeping definition. The Seventh Circuit Court of Appeals rejected similarly broad language in *Cincinnati Insurance* in a decision authored by Judge Posner, who described the order in that case as so loose that it amounted to "giving each party carte blanche to decide what portions of the record shall be kept secret." *Id*. at 945.

The proposed protective order in the case at bar also would permit sealed filings of "personnel information concerning the Plaintiff or any other current or former employee of

2

Defendants" as well as "Plaintiff's medical information." [Docket No. 69, Attach. 1 at ¶ 1.] However, Plaintiff's complaint alleges sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as well as violations of the Family and Medical Leave Act of 1993. Specifically, Plaintiff alleges that she satisfied the legitimate job expectations of her position; that after complaining about the alleged harassment by her immediate supervisor she was moved into temporary positions which resulted in a loss of pay; that she was placed on an approved medical leave of absence; and that the Defendant investigated her complaints but took no action against her supervisor. [Docket No. 36 at ¶¶ 13-17.] As a result of these allegations, Plaintiff's personnel and medical information are central to this case, such that this information cannot be submitted under seal.

Yet an even more fundamental problem plagues the parties' proposed protective order. Glaringly absent from the proposed order is any language explicitly stating "that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins.*, 178 F.3d at 946. Judge Posner's *Cincinnati Insurance* decision leaves no room for debate that such language must be in any order that seeks to keep information out of the public record. *Id*.

Based upon the foregoing, the Court set this matter for a hearing to address the parties' joint motion for entry of a protective order. The Court also ordered all counsel who signed the motion to appear at the hearing. [Docket No. 71.] Perhaps sensing trouble on the horizon, the parties then filed joint motions to withdraw the protective order and to vacate the hearing. [Docket Nos. 73, 75.] The Court declined to simply look the other way, permit the proposed protective order to be withdrawn, and vacate the hearing. Instead, the Court proceeded with the

hearing as scheduled.

At the hearing, counsel conceded that their proposed protective order failed to follow Seventh Circuit precedent such as *Baxter*, 297 F.3d 544, *Union Oil Company*, 220 F.3d 562, and *Cincinnati Insurance,* 178 F.3d 943.  However, counsel insisted they thought that the proposed protective order they submitted was acceptable because it mirrored another protective order submitted and approved by another magistrate judge in this district.  *See Nellum v. Ford Motor Co.*, Cause No. 3:05-CV-0212 DFH-WGH (Nov. 14, 2006) [Docket No. 36]. Counsel is correct that the proposed protective order submitted in the case at bar mirrors the protective order approved in *Nellum*.  However, this fact does not excuse the misstep here.

The filing of motions for protective orders seeking to keep purportedly confidential information out of the public eye has seemingly become a reflexive part of federal court practice in this district, and presumably in other districts as well.  Given the volume of district court filings, it is perhaps predictable that a judge might approve a protective order that may have been denied or modified had time permitted more deliberate consideration.  It is not surprising that complete consistency does not exist among the countless protective orders approved within this district.  But the undersigned cannot speculate further on the circumstances surrounding the approval of the *Nellum* protective order.

Such speculation is wholly unnecessary because the order entered at the outset of this case clearly and unmistakably instructed parties seeking a protective order to "carefully review" the Seventh Circuit's decisions in *Baxter, Union Oil Company*, and *Cincinnati Insurance*. [Docket No. 21 at 2.]  Such a review obviously did not occur here, as it would have immediately alerted counsel that the protective order submitted in this case was non-compliant.

4

Fed. R. Civ. P. 16(f)(1)(C) provides in relevant part that the Court may issue any just orders if a party or its attorney "fails to obey a scheduling or other pretrial order." Counsel in this case failed to obey this Court's order requiring counsel to carefully review the Seventh Circuit's protective order jurisprudence. Such flouting of Court orders is even more unfortunate given that the local lawyers who signed the protective order frequently appear before the undersigned, have filed numerous motions for protective orders, and thus should be well versed in the requirements of such orders. Thus, Rule 16(f)(1)(C) authorizes sanctions under these circumstances. However, giving counsel all benefit of the doubt, the appropriateness of sanctions is mitigated by the protective order issued in *Nellum*. Thus, the Court will issue no sanctions beyond the admonitions set forth in this order. The parties' joint motion for entry of stipulated protective order [Docket No. 69] is denied. The parties' joint motions to withdraw the protective order and to vacate the hearing [Docket Nos. 73, 75] are likewise denied.

This leaves for resolution the amended protective order [Docket No. 74] the parties filed after the Court set this matter for hearing. The amended protective order is vastly improved. It contains the language from *Cincinnati Insurance* missing from the original protective order expressly stating that any member of the public may challenge any attempt to file a document under seal. [Docket No. 74 at ¶ 11.] In addition, the amended protective order provides:

> Should any party have good cause to seal from public view any Confidential information that is filed with the Court, that party must file a separate and specific motion for such protection, and the motion will only be granted for good cause shown and if consistent with Seventh Circuit case law regarding filing materials under seal.

[*Id.*] Thus, in the event that confidential information would need to be filed with the Court, such information will be unsealed unless supported by good cause as set forth in a contemporaneously

5

filed separate motion. Accordingly, while the amended protective order's definition of "confidential information" remains overbroad at times,[2] the order sets forth a mechanism to ensure that any document filed under seal will not remain sealed unless good cause exists for doing so. The amended stipulated protective order [Docket No. 74] is granted.

Dated:   06/17/2008

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] For example, "confidential information" is defined to include information relating to former or current employees other than the Plaintiff, including salary, personnel records, and other private and confidential information. [Docket No. 74 at ¶ 2(a).] However, given Plaintiff's likely reliance on comparators in her effort to show discrimination and retaliation, such information may well prove pivotal and could not properly be shielded from public view. Likewise, "Plaintiff's medical information" is included within the order's definition of confidential information. [Docket No. 74 at ¶ 2(d).] While medical information is understandably sensitive, as set forth previously, Plaintiff's allegations put her medical condition squarely at issue in this case, thereby limiting Plaintiff's ability to keep such information under seal.

Copies to:

A. Richard Blaiklock
LEWIS & WAGNER
rblaiklock@lewiswagner.com

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Carmen N. Couden
FOLEY & LARDNER LLP
ccouden@foley.com

David J. B. Froiland
FOLEY & LARDNER LLP
dfroiland@foley.com

Denise K. LaRue
HASKIN LAUTER & LARUE
dlarue@hlllaw.com

Ericka McCaskill
BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP
emccaskill@bowse-law.com

Timothy S. Millman
BERKOWITZ OLIVER WILLIAMS
SHAW & EISENBRANDT LLP
tmillman@bowse-law.com

Hannesson Ignatius Murphy
BARNES & THORNBURG LLP
hmurphy@btlaw.com

Bradley L. Wilson
HASKIN LAUTER & LARUE
bwilson@hlllaw.com