UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LETECIA D. BROWN, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | 1:06-cv-1802-RLY-TAB | |
| ) | | |
| AUTOMOTIVE COMPONENTS ) | | |
| HOLDINGS, LLC, VISTEON ) | | |
| CORPORATION, and FORD MOTOR ) | | |
| COMPANY, ) | | |
| Defendants. ) | | |

**ENTRY ON DEFENDANTS' MOTION FOR RECONSIDERATION**

On November 24, 2008, the court denied the Defendants' Motion for Summary Judgment (Docket # 76) because, *inter alia*, the court found an issue of fact as to whether Plaintiff gave Defendants sufficient notice of her intent to take FMLA leave. More specifically, the court found an issue of fact as to whether Plaintiff's phone call to Defendants' Medical Clinic on August 30, 2006, informing Ms. Diguilio, the Administrative Assistant at the Medical Clinic, that Dr. Shoot extended her family medical leave to September 16, 2006, was sufficient notice of an extension of her leave pursuant to 29 C.F.R. § 825.303(a).[1] Defendants move the court to reconsider that

---

[1] Title 29, Section 825.303(a) of the Code of Federal Regulations provides, in relevant part:

> When the approximate timing of the need for leave is not foreseeable, an employee should give notice to the employer of the need for FMLA leave as soon as practicable under the facts and circumstances of the particular case. It is expected that an employee will give notice to the employer within no more than

1

finding.

The evidence reflects that Plaintiff saw Dr. Bilby's Nurse Practitioner, Kelly Burrough ("Nurse Practitioner Burrough"), on August 21, 2006. Nurse Practitioner Burrough completed Plaintiff's Form 5166 which granted Plaintiff medical leave from August 8-28, 2006. On that same date, August 21, 2006, Nurse Practitioner Burrough referred Plaintiff to Dr. Shoot, a psychiatrist. Plaintiff was not able to schedule an appointment with Dr. Shoot until August 29, 2006 – the day she was to return to work – and thus, Plaintiff faxed a note to Nurse Burrough indicating that she needed to extend her leave by at least one day, from August 28 to August 29, 2006. (Defendants' Ex. 14). In spite of that knowledge, Plaintiff did not inform Defendants of her need for an extension of her family medical leave within one to two days of August 21, 2006 – or even on the last day of her official leave, August 28, 2006. On the contrary, Plaintiff did not contact Defendants' Medical Clinic regarding an extension of her family medical leave until August 30, 2006. The undisputed evidence reflects that Plaintiff did not comply with 29 C.F.R. § 825.303(a), and thus, the court was in error in finding an issue of fact for trial. Accordingly, Defendants' Motion for Reconsideration (Docket # 94) of the court's November 24, 2008, Entry on Defendants' Motion for Summary Judgment is

---

one or two working days of learning of the need for leave, except in extraordinary circumstances where such notice is not feasible.

**GRANTED**. A final judgment will be issued contemporaneously with the issuance of this Entry.

**SO ORDERED** this 18th day of February 2009.

                                              RICHARD L. YOUNG, JUDGE
                                              United States District Court
                                              Southern District of Indiana

Electronic Copies to:

A. Richard Blaiklock
LEWIS & WAGNER
rblaiklock@lewiswagner.com

Stephanie Lynn Cassman
LEWIS WAGNER LLP
scassman@lewiswagner.com

Denise K. LaRue
HASKIN LAUTER & LARUE
dlarue@hlllaw.com

Ericka McCaskill
BERKOWITZ OLIVER WILLIAMS SHAW & EISENBRANDT LLP
emccaskill@bowse-law.com

Timothy S. Millman
BERKOWITZ OLIVER WILLIAMS SHAW & EISENBRANDT LLP
tmillman@bowse-law.com

Bradley L. Wilson
HASKIN LAUTER & LARUE
bwilson@hlllaw.com